IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CAROL BETH TILLEY, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-2304-JAR |
| ) | |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

This case comes before the court on the motion (**doc. 158**) of the plaintiff, Carol Beth Tilley, to compel defendant Global Payments, Inc. ("Global") to direct division general counsel David L. Green to answer certain deposition questions he was instructed not to answer on the basis of attorney-client privilege; alternatively, plaintiff requests that Global be required to produce another witness pursuant to Fed. R. Civ. P. 30(b)(6) to answer the questions in issue. Global has filed a response (doc. 162), and the plaintiff has replied (doc. 163). As indicated during the final pretrial conference on October 23, 2007, the court finds that Global's attorney-client privilege objections are invalid and therefore overruled. It follows that the instant motion is granted.

This case was brought by plaintiff under the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and state defamation law. Highly summarized, plaintiff alleges that Global published defamatory statements about her to other defendants who recently settled out of this case, i.e., CSC, Equifax, TransUnion, and Experian.

Significantly Mr. Green, as Global's in-house counsel, was *directly* involved in the underlying controversy, and he communicated with plaintiff during September and October 2005. Indeed, Global listed Mr. Green as a witness in its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). During the telephonic deposition of Mr. Green, he was instructed not to answer certain questions on the grounds of privilege.

It is well-established that the deposition of opposing counsel should be limited to circumstances where the party seeking to take the deposition has shown that: (1) no means exist to obtain the information other than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.[1] However, the issue before the court is not whether plaintiff should be allowed to depose Mr. Green, but rather the scope of the deposition inquiry. The court concurs with plaintiff that the ruling in *United Phosphorous Ltd. v. Midland Fumigant, Inc.,*[2] is instructive to the issues now before the court in this case. In *United Phosphorous*, the court found that counsel, who had participated in events underlying the claims, possessed relevant, nonprivileged information crucial to the preparation of the case, and therefore, could be questioned regarding such information.[3]

Since this action arises mainly under a federal statutory scheme, federal law provides

---

[1] *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001)(citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986)).

[2] 164 F.R.D. 245 (D. Kan. 1995).

[3] *Id.* at 250.

the rule of decision as to application of the attorney-client privilege.[4] Under federal common law, the essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection be waived.[5]

The privilege "protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor."[6] The privilege also protects advice given by the lawyer in the course of representing the client.[7] The privilege protects communications with in-house counsel as well as outside attorneys.[8] The privilege, however, "is to be extended no more broadly than necessary to effectuate its purpose."[9]

"Not every communication between an attorney and client is privileged, only

---

[4] *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368-69 (10th Cir. 1997).

[5] *Marten v. Yellow Freight Sys., Inc.*, No. 96-2013, 1998 WL 13244, at * 5 (D. Kan. Jan. 6, 1998) (quoting *Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau*, 150 F.R.D. 193, 196 n. 4 (D. Kan. 1993)).

[6] *Marten*, 1998 WL 13244, at *6 (quoting *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995)).

[7] *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).

[8] *Upjohn*, 449 U.S. at 390.

[9] *Great Plains Mut. Ins. Co.*, 150 F.R.D. at 196 (citation omitted).

confidential communications which involve the requesting or giving of legal advice."[10] "The focal point of the protection afforded by the attorney-client privilege lies with 'communications' between attorneys and their clients."[11] And, although the privilege protects disclosure of substantive communication between attorney and client, "it does not protect disclosure of the underlying facts by those who communicated with the attorney."[12] There must be a connection between "the subject of the communication and the rendering of legal advice" for the attorney-client privilege to shield the communication from disclosure.[13] Legal advice must predominate for the communication to be protected.[14] The privilege does not apply where the legal advice is merely incidental to business advice.[15]

In this case, as mentioned above, Mr. Green was directly involved in the events underlying plaintiff's claims. Therefore, Mr. Green obviously possesses relevant and nonprivileged information. In her reply brief, plaintiff states that she has not asked and does not intend to ask Mr. Green to disclose what advice he gave top Global management. Nor

---

[10] *Burton v. R.J. Reynolds Tobacco Co.*, 175 F.R.D. 321, 327 (D. Kan. 1997) (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976); *United States v. Olano*, 62 F.3d 1180 (9th Cir. 1995)).

[11] *IMC Chemicals, Inc. v. Niro, Inc.*, No. 98-2348, 2000 WL 1466495, at *8-9 (D. Kan. July 19, 2000) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981)).

[12] *Id.*

[13] *Burton*, 175 F.R.D. at 328.

[14] *Burton v. R.J. Reynolds Tobacco Co., Inc.,* 170 F.R.D. 481, 484 (D. Kan. 1997)(citing *Leonen v. Johns-Manville*, 135 F.R.D. 94 (D.N.J. 1990)).

[15] *Id.* (citing *In re Brand Name Prescription Drugs Antitrust Litig.*, 1995 WL 354268 (N.D. Ill. 1995)).

does plaintiff want to ask Mr. Green to disclose what questions were asked of him by Global officials seeking advice from him.

The transcript of Mr. Green's deposition reflects that the questions and objections in issue are as follows:

> **Q.** What, if anything did you do after the phone call from Carol Tilley on the 26th of September, 2005 to look into this matter?
>
>    **Mr. Sexton:** Object as to privilege. Instruct not to answer.[16]
>
> . . .
>
> **Q.** How did you determine whether on the 26th of September, the 27th of September, that Global Payments has no record of Carol Tilley having paid this alleged debt.
>
>    **Mr. Sexton:** Object as to privilege. Instruct not to answer.  A 30(b)(6) witness will be available in two weeks to answer questions as to Global's knowledge.[17]
>
> . . .
>
> **Q.** Now you indicated that you're involved with merchant accounts for Global Payments in the United States, is that correct?
>
> **A.** Generally, yes.

---

[16] Deposition of David Lawrence Green at 19, lines 18-22.

[17] *Id.* at 22, lines 22-25; 23, lines 1-4.

**Q.**   And how is Global payments able to look up and retrieve information on merchants that they have?

   **Mr. Sexton:** Object as to privilege. Any information Mr. Green would know about that would have been received in the course of being a lawyer for Global Payments and, therefore, I instruct not to answer.[18]

. . .

**Q.**   Is the only way to look up information on merchants through a Social Security number?

   **Mr. Sexton:**   Objection, privileged. Instruct not to answer. Wrong witness.[19]

. . .

**Q.**   Is the only way to look up information is with a merchant account number?

   Mr. Sexton: Objection, foundation. Privileged. Instruct not to answer.[20]

. . .

**Q.**   And where–you were able to gather that information from Global Payments' information?

**A.**   Yes.

**Q.**   And what information did you gather on Carol Tilley?

   **Mr. Sexton:** Objection, privileged. What the

---

[18] *Id.* at 31, lines 13-25; 32, line 1.

[19] *Id.* at 32, lines 4-8.

[20] *Id.* at 32, lines 11-15.

>business people told Mr. Green as counsel is protected and I, therefore, instruct the witness not to answer the question.[21]

. . .

**Q.** And my question is just focusing in on Carol Tilley. What information were you able to obtain on Carol Tilley from Global's information that they had on her?

>**Mr. Sexton:** Object to the question as phrased because it calls for privileged material. Instruct not to answer.[22]

Based on the limited record presented, viewed in light of the well-established privilege precedent cited in this order, the court finds that defendant has failed to show that *any* of the above-described questions posed of Mr. Green during his deposition impede on Global's attorney-client privilege. Although Global implicitly suggests that, purely because of Mr. Green's position as in-house counsel he need not answer any questions that go one millimeter past his discussions with plaintiff, that simply is not the law. Global has made no appreciable effort to justify its very aggressive litigation position in light of the well-established precedent cited above. Global's objections therefore are overruled. Defense counsel shall produce Mr. Green for further testimony consistent with this order by **November 21, 2007**. The court expects plaintiff's counsel to continue asking questions of Mr. Green in a manner so as to avoid infringing upon Global's attorney-client privilege. And finally, as discussed on the record during the pretrial conference, the continued deposition

---

[21] *Id.* at 37, lines 23-25; 38, lines 1-8.

[22] *Id.* at 38, lines 14-21.

of Mr. Green, as contemplated by this order, is *not* intended by the court and shall not be construed as suffering upon Global a broad subject matter waiver of attorney-client privilege with regard to plaintiff's claims.

In consideration of the foregoing,

IT IS HEREBY ORDERED that plaintiff's motion to compel (**doc.158**) is granted.

Dated this 24th day of October, 2007, at Kansas City, Kansas.

    s/James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge